UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
MAXIMINO ESTRADA,

                                         Petitioner,

        v.                                                        9:05-CV-0549
                                                                  (DNH)(DRH)
CALVIN WEST, Superintendent,

_____
                                         Respondent.
_____
APPEARANCES:                              OF COUNSEL:

MAXIMINO ESTRADA
Petitioner, *pro se*

OFFICE OF THE ATTORNEY GENERAL           MALANCHA CHANDA, ESQ.
State of New York                        Assistant Attorney General
Counsel for the Respondent

DAVID R. HOMER, MAGISTRATE JUDGE

## ORDER

Presently before the Court is a motion from petitioner Maximino Estrada to stay

this habeas proceeding while he returns to state court to exhaust his claim that he

received ineffective assistance of trial counsel.  Dkt. No. 10.

Counsel for the respondent has filed a letter in opposition to the requested stay.

Dkt. No. 11.  Counsel contends that petitioner has failed to demonstrate good cause for

the delay in bringing this claim in state court, and maintains that petitioner is time-

barred from asserting that claim in this habeas corpus proceeding pursuant to 28

U.S.C. § 2254.  *Id.* at 2.

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir.

2001), *cert. denied*, 534 U.S. 1015 (2001), the procedural complexities confronting a

habeas petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA")[1] are considerable.  In cases such as this, where the petitioner seeks to

pursue additional unexhausted claims in state court, as well as cases where the court is

presented with a "mixed petition" containing both exhausted and unexhausted claims,

the district court must consider both the timeliness of any subsequent petition and the

impact of the AEDPA's limitations on second or successive petitions in determining the

proper disposition of the petition.  The Second Circuit ruled in *Zarvela*, that a district

court presented with a mixed petition may either dismiss the petition without prejudice

or retain jurisdiction over the petition and stay further proceedings pending exhaustion

of state remedies.  If dismissal would "jeopardize the timeliness of a collateral attack,"

the Second Circuit instructed that the district court should stay, rather than dismiss, the

petition.  *Zarvela*, 254 F.3d at 380.  The Second Circuit went on to note that any stay

must be "appropriately conditioned," so that a petitioner is not permitted "to take an

undue amount of time to pursue state court remedies."  *Id*.  The Second Circuit stated:

> Therefore, where a district court elects to dismiss only unexhausted
> claims and stay proceedings as to the balance of the petition, the court
> should condition the stay on the petitioner's initiation of exhaustion within
> a limited period, normally 30 days, and a return to the district court after
> exhaustion is completed, also within a limited period, normally 30 days.
> With the time to initiate exhaustion and to return to federal court thus
> limited, a stay of the exhausted claims will often be preferable to a
> dismissal of the entire petition because such a stay will reflect the
> continued viability of the initially filed exhausted claims.

*Id*. at 381.

Thereafter, in *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005), the

Supreme Court affirmed the use of the stay and abeyance procedure in habeas cases

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

involving a mixed petition with both exhausted and unexhausted claims. The Supreme Court cautioned, however, that a stay should not be granted where the petitioner's claims are "plainly meritless." In those cases where the stay and abeyance procedure is appropriate, the Supreme Court underscored the need to structure the stay by imposing reasonable time restraints on the petitioner. *Id.*, 544 U.S. at 277, 125 S.Ct. at 1534-35.

In this case, the Court finds that petitioner's claim of ineffective assistance of trial counsel is not "plainly meritless" and that petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of habeas corpus petitions underlying the AEDPA. Accordingly, in light of *Zarvela*, and in the interest of preserving the viability of petitioner's claims,[2] the Court grants petitioner's request subject to the limitations set forth herein. Further proceedings in this matter are hereby stayed in order that petitioner may promptly pursue his additional claim in state court and, if necessary, return to this Court after exhaustion is completed.

WHEREFORE, it is hereby

ORDERED, that petitioner's request to stay further proceedings in this matter (Dkt. No. 15) is **granted** on the following terms and conditions: **Within thirty (30) days** of the filing date of this Order, petitioner shall commence a post-conviction proceeding in the appropriate state court by which he asserts the claim of ineffective assistance of trial counsel which formed the basis for his request to stay this proceeding, and it is further

---

[2] The New York Court of Appeals denied petitioner leave to appeal on February 5, 2004. Dkt. No. 1 at 3.

3

ORDERED, that **within thirty (30) days** of the resolution of petitioner's state court proceeding, petitioner file a motion for leave to amend his petition to set forth the newly exhausted claim.  Petitioner's motion must comply in all respects with the Federal Rules of Civil Procedure and the Local Rules of the Northern District and must be accompanied by a proposed amended petition which is a complete pleading.  Petitioner must also provide a copy of the state court decision(s) concerning the disposition of the newly exhausted claim, and it is further

ORDERED, that petitioner advise the Court, **within sixty (60) days** of the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding, and it is further

ORDERED, that if petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for consideration of the original petition, and it is further

ORDERED, that the Clerk serve a copy of this Order upon the parties.

IT IS SO ORDERED.

DATED: June 9, 2006
       Albany, New York

UNITED STATES MAGISTRATE JUDGE

4