**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MAXIMINO ESTRADA,
               Petitioner,

    v.                                                                                    No. 05-CV-549
                                                    (DNH/DRH)
CALVIN WEST,
               Respondent.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MAXIMINO ESTRADA<br>Petitioner Pro Se<br>No. 02-B-0918<br>Elmira Correctional Facility<br>Post Office Box 500<br>Elmira, New York 14902 | |
| HON. ANDREW M. CUOMO<br>Attorney General for the<br> State of New York<br>Attorney for Respondent<br>120 Broadway<br>New York, New York 10271 | MALANCHA CHANDA, ESQ.<br>Assistant Attorney General |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Petitioner pro se Maximino Estrada ("Estrada") is currently an inmate in the custody of the New York State Department of Correctional Services at Elmira Correctional Facility. On April 25, 2002, a jury in Onondaga County Court found Estrada guilty of manslaughter and criminal possession of a weapon. Estrada was sentenced as a second felony offender to a total term of imprisonment of twenty-five years. Estrada is currently serving

---

    [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3©.

that sentence and now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that (1) his conviction was based on insufficient evidence and was against the weight of the evidence, and (2) he was denied his constitutional right to a fair trial by both prosecutorial misconduct and error by the trial court in denying defense counsel access to critical witnesses and evidence. For the reasons that follow, it is recommended that the petition be denied.

## I. Background

On the evening of July 20, 2001, Estrada was driving a truck on Richmond Avenue in the City of Syracuse when Antwon Gary yelled at Estrada to pull over. T. 392; see also T. 464, 513-16.[2] When Estrada exited the truck, Gary accused Estrada of robbing Garu's sister and an argument ensued. T. 392-93, 465, 516-18, 525. Witnesses heard either Gary or Estrada refer to the presence of a gun. T. 393, 403-05. They then saw Estrada return to his truck and then return to the street acting hostile and "all hyped up" with something in his hand. T. 394-95, 397. Estrada raised his right arm and fired shots at Gary. T. 393-95, 409. 465-66, 469, 516-18. Gary also possessed and displayed a gun. T. 518, 524-25. Estrada missed Gary with his first shot but continued shooting until Gary was hit and fell. T. 518-19. Estrada then re-entered his truck, fled the scene, and was later arrested at his home. T. 399, 466-67, 519, 532, 537.

Estrada was convicted and sentenced as described above. On direct appeal, the appellate division affirmed Estrada's conviction, People v. Estrada, 1 A.D.3d 928 (4th

---

[2]"T." followed by a number refers to the pages of the transcript of Estrada's trial filed with respondent's opposition papers. See Chanda Decl. (Docket No. 8) at ¶ 4..

Dep't 2003). The New York Court of Appeals denied him leave to appeal on February 5, 2004. People v. Estrada, 1 NY.3d 627 (2004). This action followed.

## II. Discussion

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not award habeas corpus relief with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim resulted in a decision that was: (1) contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

A state court decision is "contrary to" federal law if it reaches a result opposite to the one reached by the Supreme Court on the same question of law or on a "materially indistinguishable" set of facts. Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006). Furthermore, whether a determination is "unreasonable" is measured by an objective standard, that is, when a state court identifies the correct rule of law but applies it to the facts of a prisoner's case in an incorrect way. Id. at 243; see also Miles v. Smith, No. 05-CV-1200, 2008 WL 1809401, at *4 (N.D.N.Y. Apr. 21, 2008).

Finally, the AEDPA requires that in any habeas proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct, [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

3

evidence." Taplin v. Rabideau, No. 04-CV-935, 2008 WL 2559374, at *8 (N.D.N.Y. June 23, 2008) (citing 28 U.S.C. § 2254(e)(1)).

### B. Weight and Sufficiency of the Evidence

Estrada contends that his conviction was not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Pet. (Docket No. 1) ¶ 10. Specifically, Estrada asserts that the prosecution failed to disprove his defense of justification beyond a reasonable doubt. Pet. ¶ 12. Respondent argues that, to the extent that Estrada claims that the verdict was against the weight of the evidence, the claim is not cognizable on habeas review and in any event n is meritless. Docket No. 7 at 14, 20. The appellate division found that the conviction was supported by legally sufficient evidence and that the verdict rejecting Estrada's justification defense was not against the weight of the evidence. Estrada, 1 A.D.3d at 929.

"[C]hallenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review." Cardena v. Giambruno, No. 03-CV-3313 (RWS), 2004 WL 239722, at *4 (S.D.N.Y. Feb. 10, 2004) (citing Maldonaldo v. Scully, 86 F.3d 32, 35 (2d Cir. 1996) ("[A]ssessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on appeal.")). Weight of the evidence review is a product of New York state statute. See N.Y. Crim. Proc. Law § 470.15. Therefore, only New York appellate courts are permitted to reverse or modify a conviction where the verdict was against the weight of the evidence. Jones v. Conway, No. 05-CV-0915 (LEK/DRH), 2008

4

WL 904899, at *6 (N.D.N.Y. 2008).

A challenge to the sufficiency of evidence, however, is amenable to federal habeas review.  In seeking habeas corpus review, a petitioner who claims that the evidence was insufficient to sustain a conviction bears a "very heavy burden."  Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 (2d Cir. 2000).  "[T]he critical inquiry on the review of the sufficiency of the evidence . . . [is] whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 318 (1979).  The reviewing court must determine if, "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Id. at 319.  The reviewing court must defer to the jury's determination as to the weight of the evidence and the credibility of the witnesses.  United States v. Velasquez, 271 F.3d 364, 370 (2d. Cir 2001).

In considering the sufficiency of the evidence, the federal court must first examine state law to determine the elements of the crime of conviction.  Fama, 235 F.3d at 811. Estrada was convicted of first degree manslaughter and second degree criminal possession of a weapon.  See N.Y. PENAL LAW §§ 125.20(1), 265.03.  Under New York law, a person is guilty of manslaughter in the first degree when the person, "[w]ith intent to cause serious physical injury to another person . . , causes the death of such person."  Id. § 125.20(1).  Estrada does not deny his involvement in the incident.  Pet. ¶ 12.  Estrada challenges the sufficiency of the evidence pertaining to his defense of justification.[3]  Id.

---

[3] Estrada seeks habeas relief only for his manslaughter conviction as justification is inapplicable to criminal possession of a weapon.  See N.Y. Penal Law § 35.15.

5

The defense of justification provides in general that an individual is permitted to use physical force if believed reasonably necessary to defend oneself or another person from the imminent use of physical force.  See N.Y. PENAL LAW § 35.15(1).  However, the statute is clear that use of deadly physical force is prohibited unless one of the following conditions is met: (1) the individual reasonably believes the other person is using or is about to use deadly physical force *and* the individual is unable to avoid using deadly physical force by safely retreating; (2) the individual reasonably believes the other person is committing or attempting to commit a kidnapping, forcible rape, forcible criminal sexual act, or robbery; or (3) the individual is in possession or control of, or licensed or privileged to be in a dwelling or building, and reasonably believes that the other person is committing or attempting to commit a burglary, where use of deadly physical force is necessary to prevent or terminate the commission of burglary.  Id. §§ 35.15(2), 35.20(3).

After examining the record, the undersigned finds that there was sufficient evidence to support the jury's finding that Estrada could have retreated from the confrontation safely without shooting Gary.  Estrada was prohibited from using deadly physical force unless he reasonably believed that Gary himself was about to use deadly physical force *and* Estrada was unable to avoid using deadly physical force by safely retreating.  Here, a rational trier of fact could have found beyond a reasonable doubt that the elements of manslaughter were satisfied, and that the defense of justification was disproved beyond a reasonable doubt. Witnesses saw Estrada return to his vehicle after the argument with Gary and grab a gun.  T. 394-95, 466, 516.  When he returned from his truck, he appeared "hostile" and "hyped up."  T. 394.  Furthermore, Estrada fired his gun at Gary first, and even though he

6

missed initially, he continued to fire his gun until he eventually shot Gary. Therefore, it can reasonably be inferred that Estrada could have retreated safely but did not and, instead, chose to cause serious physical injury to Gary and, in doing so, Gary's death.

Based on the foregoing, the record reasonably supports a finding that because Estrada could have safely retreated, there was sufficient evidence for a jury reasonably to find the justification defense inapplicable. Accordingly, the petition on this ground should be denied.

### C. Prosecutorial Misconduct

Estrada also contends that he was denied his Fourteenth Amendment right to due process as a result of the prosecutor's failure to disclose the addresses and telephone numbers of potential prosecution witnesses when the witnesses refused to speak with Estrada's attorney, and that the trial court abused its discretion in denying Estrada's counsel the opportunity to interview such witnesses. Respondent argues that Estrada's claim is without merit.

Ordinarily, a prosecutor's misconduct will require reversal of a conviction only where the misconduct sufficiently infected the trial as to make it fundamentally unfair, resulting in a denial of due process. Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); Blissett v. Lefevre, 924 F.2d 434, 440 (2d Cir. 1991) (noting that the prosecutor's misconduct must be "egregious"); Moss v. Phillips, No. 9:03-CV-1496 (LEK), 2008 WL 2080553, at *14 (N.D.N.Y. May 15, 2008).

In evaluating whether a prosecutor's misconduct deprived a petitioner of a fair trial,

7

"[t]he Court must review the allegedly improper conduct within the context of the entire trial to determine whether it amounted to 'prejudicial error.'" Beverly v. Walker, 899 F. Supp 900, 911 (N.D.N.Y. 1995) (quoting Strouse v. Leonardo, 928 F.2d 548, 557 (2d Cir. 1991)). Additionally, a court must evaluate the severity of the alleged misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct. See Blissett, 924 F.2d at 440; United States v. Friedman, 909 F.2d 705, 709 (2d Cir. 1990).

In his petition, Estrada first argues that "none of the witnesses who were part of the prosecution's case would speak with [trial counsel]." Pet. ¶ 12. At Estrada's Sandoval hearing,[4] Estrada's counsel indicated to the trial court that he was not "all set with [his] witnesses." H. 2.[5] Estrada's counsel stated that one witness, Edward Fort, had refused to speak with him and claimed that the prosecutor had instructed Fort not to discuss the case with anyone. H. 3-4. Allegedly, Fort agreed to talk to Estrada's counsel if permitted by the prosecutor and at the hearing, counsel stated that the prosecutor refused his request for permission. H. 3. The prosecutor denied this. H. 3-4.

As a threshold matter, the refusal of a potential prosecution witness to speak to defense counsel does not necessarily rise to the level of prosecutorial misconduct. Instructions to a witness not to cooperate with, or to talk to lawyers from the opposing side

---

[4] A Sandoval hearing is a pre-trial hearing held by the trial court pursuant to New York law, to "make an advance ruling as to the use by the prosecutor of prior convictions or proof of the prior commission of specific criminal, vicious or immoral acts for the purpose of impeaching a defendant's credibility" on cross-examination if the defendant chooses to testify. People v. Sandoval, 34 N.Y.2d 371, 374 (1974).

[5] References preceded by "H" are to the pages of the transcript of the Sandoval hearing held on March 29, 2002. See Chanda Decl. at ¶ 4.

are not proper as due process mandates that defense counsel should be free from obstruction.  Internat'l Bus. Machs. Corp. v. Edelstein, 526 F.2d 37, 43-44 (2d Cir. 1975) (internal citations omitted).  However, a witness has a right to grant or refuse an interview with the other side.  Id. at 44 (citing Johnston v. Nat'l Broadcasting Co., Inc., 356 F. Supp. 904, 910 (E.D.N.Y. 1973) (holding that "any witness has the right to refuse to be interviewed if he [or she] so desires, [but] it is equally true that the State may not bar a prospective witness from speaking with defense counsel, when and if such witness so desires.") (internal citations omitted))

Second, Estrada claims that "the prosecution would not assist counsel in any form of acquiring information upon their witnesses, nor would sign a statement that the witnesses were refusing to speak with him."  Pet. ¶ 12.  At the Sandoval hearing conducted a few days before trial, Estrada's counsel expressed his frustration with locating the prosecution's witnesses.  H. 4.  He asked the prosecutor for a witness list to avoid having to "find people [the prosecutor had] already served" and to "rule out certain witnesses."  H. 4-5.  Following the Sandoval hearing, the court directed both attorneys to exchange their witness lists, notwithstanding the court's admonition that counsel already had over one month to contact the prosecution's witnesses.  H. 4-5, 6-8.  This provided defense counsel a list of the prosecution's witnesses but without contact information.  H. 5, 8.

After the first day of trial, Estrada's counsel informed the court that despite obtaining the witness list, he had been unable to locate some of the prosecution's witnesses.  T. 235-36.  Defense counsel asked the court to direct the prosecutor to hold its witnesses so that defense counsel could question them.  The court agreed but warned

9

that counsel was still responsible independently for subpoenaing the witnesses he wanted to testify. T. 235-37. Counsel then requested from the prosecutor the addresses and telephone numbers of the witnesses on the prosecutor's witness list, to which the prosecutor asserted the protection of the attorney work product doctrine. T. 236-38.

      The prosecutor's conduct did not infect the trial so as to make it fundamentally unfair, resulting in a denial of due process. In refusing to divulge the witness contact information, the prosecutor engaged in no misconduct. While no clearly established Supreme Court precedent exists on this precise issue, the precedent of the Second Circuit is clear that a prosecutor is not required to disclose the addresses or telephone numbers of witnesses that the government intends to call at trial unless there is (1) a specific showing that the disclosure is material to the preparation of the defense, and (2) the disclosure is reasonable in light of the circumstances. See United States v. Bejasa, 904 F.2d 137, 139-40 (2d Cir. 1990); see also United States v. Thomson, 349 F. Supp. 2d 369, 372 (N.D.N.Y. 2004). Moreover, it is well settled under the laws of New York that in criminal cases, a defendant has no constitutional or statutory right to the pretrial disclosure of the identity of prosecution witnesses; instead, the trial court has the discretion to order any pretrial release of the prosecution witness information. People v. Coleman, 178 A.D.2d 842, 844 (3d Dep't 1991), rev'd on other grounds, 81 N.Y.2d 826 (1993); People v. Torres, 164 A.D.2d 923, 923 (2d Dep't 1990); see also N.Y. Crim. Proc. L. § 240.40.

      In addition, the alleged misconduct was not so egregious as to deprive Estrada of a fair trial. A criminal defendant has no right to the pretrial disclosure of witness information unless such information is material and its disclosure reasonable in light of the circumstances. In this case, the appellate division rejected Estrada's contention, holding

10

that (1) no statutory basis existed to compel the prosecutor to disclose the witness contact information, and (2) the court did not abuse its discretion in denying such disclosure.[6] Estrada, 1 A.D.3d at 929. The conclusion of the appellate division is entitled to deference in that Estrada failed to demonstrate a material need fo the information as he had "ample opportunity to subpoena the witnesses." Estrada, 1 A.D.3d at 929. Additionally, the prosecutor had already done more than he was obligated to do by providing a list of potential witnesses. T. 240-41. Moreover, the trial court exercised its discretion to compel the prosecution to provide the names of witnesses.

Finally, Estrada argues that the court abused its discretion by refusing to compel the disclosure of the addresses of the witnesses. Pet. ¶ 12. After the prosecutor refused to divulge the witness information, Estrada's counsel sought an order to compel disclosure of the addresses and telephone numbers of the prosecution witnesses to subpoena them. However, the court refused to compel such disclosure.[7] T. 240-42. A review of the record reveals that the decision of the trial court was not an unreasonable application of or

---

[6] The appellate division also dismissed Estrada's contention that the prosecutor's failure to disclose the witness information constituted a Brady violation because Estrada raised the issue for the first time on appeal and it was not preserved for review. See Brady v. Maryland, 373 U.S. 83, 88 (1963) (holding that the prosecution has a duty to disclose exculpatory information). To the extent that any such violation is a part of Estrada's habeas petition, the claim is barred from federal habeas review, notwithstanding the appellate division's ruling on the merits that "[i]n any event, that contention is 'entirely speculative and, therefore, is not a basis for reversal.'" Estrada, 1 A.D.3d at 929; see Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996).

[7] In refusing to order the prosecutor to disclose the witness information, the trial court considered that defense counsel had several months to search for the witness information, some of the witness would likely not want to testify, and the prosecutor's work product protection shielded from disclosure the addresses and telephone numbers he had found for the witnesses. T. 240-42.

11

contrary to clearly established federal law.  <u>Estrada</u>, 1 A.D.3d at 929.

Trial courts have the discretion to order or not to order the pretrial release of the names and addresses of prosecution witnesses.  N.Y. Crim. Proc. Law § 240.40.  Here, Estrada's counsel had ample opportunity to search for and locate witnesses.  Defense counsel knew the case was scheduled for trial for over a month prior to the <u>Sandoval</u> hearing, at which he first raised the issue.  H. 2-3.  In that time, defense counsel could have searched for witnesses.  As a last resort, the witness list provided by the prosecutor at the <u>Sandoval</u> hearing gave counsel the necessary information to conduct a search for the witnesses.  Therefore, the trial court acted within its discretion by refusing to compel broad disclosure of the witness information.  As such, the petition on this ground must be denied.

### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that:

    1. The petition for a writ of habeas corpus be **DENIED**; and

    2. Finding that Estrada has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); <u>see</u> <u>also</u> <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 112 (2d. Cir. 2000), no certificate of appealability should issue with respect to any of Estrada's claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: November 19, 2008
       Albany, New York

_____
David R. Homer
U.S. Magistrate Judge